The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Beverly Sue NISTED,
Defendant-Appellant.

No. 80CA0326.

Colorado Court of Appeals,
Division II.

Dec. 5, 1980.

Rehearing Denied Dec. 31, 1980.

Certiorari Granted March 2, 1981.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Gerard C. Boyle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Ruth Brammer Johnson, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant is appealing the trial court's March 26, 1980, judgment revoking her deferred judgment and sentence. The People have moved to dismiss this appeal on the grounds that (1) appellate review of the revocation of a deferred sentence is precluded absent compliance with the provisions of Crim.P. 33(a), *People v. Hallman*, 44 Colo.App. 530, 624 P.2d 347 (1980), and (2) that defendant's September 26 motion for new trial (denied October 28) was untimely and a nullity (because the motion was filed at a time when the trial court had no jurisdiction to entertain or rule upon such a motion). In response, defendant argues (1) that *Hallman* is not applicable to this case because a new trial motion was filed here, (2) that *Hallman* should not be applied retroactively, and (3) that the People's failure to object to the late filing when the new trial motion was filed in the trial court waived the claim of untimeliness.

We hold that the trial court lacked jurisdiction to entertain the new trial motion when it was filed and when it was denied, and that, therefore, for all practical

purposes there was no such motion. Further, absent a properly filed and acted on motion for new trial, appellate review is precluded. *People v. Hallman, supra.* We see nothing in *Hallman* limiting it to prospective application, and the People's action or non-action with regard to the new trial motion is of no consequence when the trial court had no jurisdiction.

■ We agree, as in *People v. Hallman, supra,* "that Crim.P. 52(b) provides an exception to the motion for new trial requirements of Crim.P. 33(a) when plain error or defects affecting substantial rights have occurred." However, from an examination of defendant's opening brief we see no plain error.

IT IS THEREFORE ORDERED that the People's motion is granted and the appeal is dismissed.

Judge Kelly states that she would deny the motion to dismiss on the basis that *People v. Hallman, supra,* is wrong, and that in her opinion, a motion for new trial is not a prerequisite for appellate review of a revocation of a deferred judgment and sentence.

PIERCE and KELLY, JJ., concur.